# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Philadelphia Indemnity Insurance Company,   Case No. 24-CV-01075 (JMB/DJF)

      Plaintiff,

v.   **ORDER**

Cambria Company, LLC,

      Defendant.

---

Erin D. Doran and Stacy A. Broman, Meagher & Geer, PLLP, Minneapolis, MN, and Linda Bondi Morrison (*pro hac vice*), Tressler LLP, Irvine, CA, for Plaintiff Philadelphia Indemnity Insurance Company.

Bryan R. Freeman and Judah Druck, Maslon LLP, Minneapolis, MN, for Defendant Cambria Company LLC.

---

This matter is before the Court on Defendant Cambria Company, LLC's (Cambria) Motion to Stay, Dismiss, or Transfer. (Doc. No. 13.) For the reasons explained below, the Court grants the motion and transfers the case.

## BACKGROUND

### A.   Factual Allegations

Plaintiff Philadelphia Indemnity Insurance Company (Philadelphia) is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Doc. No. 1 [hereinafter, "Compl."] ¶ 2.) Philadelphia is an insurance carrier licensed to sell insurance in all fifty states. (Doc. No. 15 ¶¶ 2–3.) Cambria is a Minnesota limited liability company with its principal place of business in Minnesota. (Compl. ¶ 3.) Cambria

1

manufactures and sells quartz surface products including countertops, islands, backsplashes, and tiles. (Compl. ¶ 26, Doc. No. 14 at 2.)

Cambria purchased primary and excess insurance policies from Philadelphia for two successive years, spanning November 20, 2000, through November 1, 2001, (Policy Nos. PHPG124578 and PHUM106750) (Compl. ¶¶ 6, 8) and November 1, 2001, through November 1, 2002 (Policy Nos. PHPK014656 and PHUB006108). (*Id.* ¶¶ 7, 9.) Under the primary policies' commercial liability coverage, Philadelphia promised to pay Cambria's damage obligations arising from bodily injury or property damage, as well as defend Cambria in related civil suits. (*Id.* ¶¶ 10, 11.) However, under the policies' "Total Pollution Exclusion" clause, Philadelphia was not obligated to defend or indemnify Cambria in pollution-related suits. (*Id.* ¶ 15.)

Beginning in January 2020 and continuing to the present year, numerous nonparties have sued Cambria alleging that they were exposed to harmful dust particles while employed in manufacturing Cambria's products. (*Id.* ¶¶ 25, 27.) Cambria subsequently tendered notice of the lawsuits to its former insurer Philadelphia. (Doc. No. 15-1 at 102–110.) Philadelphia denied coverage. (*Id.* at 93–100, 112–115.) Philadelphia claims it owes no duty to defend or indemnify, as all suits fall within the policies' "Pollution Exclusion Clause," and because several lawsuits contain only factual allegations post-dating the conclusion of Philadelphia's coverage. (Compl. ¶¶ 15, 33.)

### B. Procedural History

On March 8, 2024, Cambria filed a complaint against Philadelphia in the Central District of California. *See* Complaint (Doc. No. 1), *Cambria Co. LLC v. Philadelphia*

*Indem. Ins. Co.*, No. 24-CV-01913 (MEMF/MRW) (C.D. Cal. Mar. 8, 2024). The five-count complaint alleged breach of contract, breach of the covenant of good faith and fair dealing, and it sought declaratory judgments on Philadelphia's duty to indemnify and defend. (*Id.*) The Complaint identified thirty-two personal injury cases, thirty-one of which were filed in California courts. (*Id.* ¶ 31.)

On March 27, 2024, Philadelphia filed a complaint against Cambria in this District. (*See* Compl.) The Complaint seeks declaratory judgment as to Philadelphia's duty to indemnify and defend Cambria in the bodily injury lawsuits and identifies thirty-four pending lawsuits, thirty-three of which were filed in California. (*Id.* ¶¶ 27, 34–43.)

On April 3, 2024, Philadelphia filed a motion in the Central District of California to transfer the California case to this Court. *See* Motion to Transfer Case (Doc. No. 17), *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, No. 24-CV-01913 (MEMF/MRW) (C.D. Cal. Apr. 3, 2024). On April 26, 2024, Cambria filed the instant motion before this Court, seeking to stay, dismiss, or transfer this case to the Central District of California. (Doc. No. 13.) On July 3, 2024, this Court stayed the case to permit the Central District of California to rule on the pending motion to transfer. (Doc. No. 25.)

On November 6, 2024, Judge Frimpong of the Central District of California issued an order denying Philadelphia's Motion to Transfer. *See* Order Denying Motion to Transfer Venue (Doc. No. 33), *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, No. 24-CV-01913 (MEMF/MRW) (C.D. Cal. Nov. 6, 2024). In that order, the district court assessed the motion to transfer by applying the first-to-file rule, *see U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (observing that the first-

3

filed rule is a discretionary doctrine utilized by courts to determine which court should adjudicate a matter in cases of concurrent jurisdiction) and the factors listed in 28 U.S.C. § 1404(a) (setting forth the grounds on which a federal district court may transfer venue). *See* Order Denying Motion to Transfer Venue (Doc. No. 33), *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, No. 24-CV-01913 (MEMF/MRW) (C.D. Cal. Nov. 6, 2024). The district court determined that the first-to-file rule supported retaining jurisdiction, finding that Cambria had filed the California action first, that the two actions involve the same parties and substantially similar issues, and that no compelling reasons existed to depart from the preference of the first-to-file Plaintiff. (*Id.* at 6–9.) The district court also concluded that the section 1404(a) factors weighed in favor of denying the transfer request, finding that venue would be proper in either Minnesota or California, that the convenience to the parties weighed slightly in favor of transfer, but that the interests of justice weighed in favor of retaining the action (particularly the likelihood that California law would include application of the pollution exclusion clause in most of the underlying lawsuits). (*Id.* at 9–13.) Philadelphia filed a motion to reconsider, which the court also denied. *See* Order Denying Motion for Reconsideration (Doc. No. 44), *Cambria Co. LLC v. Philadelphia Indem. Ins. Co.*, No. 24-CV-01913 (MEMF/MRW) (C.D. Cal. Jan. 9, 2025).

As a result of these decisions, this Court now lifts the stay and proceeds to rule on Cambria's motion to transfer or dismiss.

## DISCUSSION

Cambria asks this Court to dismiss, stay, or transfer the instant lawsuit pursuant to the first-filed rule and 28 U.S.C. § 1404(a). The factors of the first-filed rule favor

transferring this matter and, given the absence of compelling circumstances to support denying the first-filed party's preference, the Court concludes that transferring this matter to the District Court of the Central District of California is appropriate.

The first-filed rule sets forth the conditions under which a district court may decline jurisdiction when a similar action has already been filed in another district. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). The rule is intended to "conserve judicial resources and avoid conflicting rulings" by preventing duplicative lawsuits. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). Courts assess three factors when determining whether to decline jurisdiction under the first-to-file rule: (1) the chronology of events; (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake. *Siruk v. Robinhood Fin. LLC*, No. 21-CV-0415 (PJS/DTS), 2021 WL 1997252, at *2 (D. Minn. Mar. 31, 2021). The rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." *Goodyear Tire & Rubber Co.*, 920 F.2d at 488 (citation omitted).

Concerning the first factor, the parties do not dispute the chronology of events; both parties agree that Cambria's action was filed in Central District of California nineteen days prior to the instant action. (*See* Doc. No. 14 at 11; Doc. No. 20 at 2.) Nor do the parties dispute the second or third factors (*see* Doc No. 14 at 11; Doc. No. 20 at 1–2), and as previously noted in this Court's July 3, 2024 Order, both the parties and issues in this case and in the California action are substantially similar—if not functionally identical (*see* Doc. 25 at 1). Therefore, all three factors support the application of the first-to-file rule.

A court may nevertheless retain jurisdiction if compelling circumstances exist to deny the first-to-file party its choice of venue. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). Such exceptions have been found where the first-filing party was previously on notice of the imminent lawsuit, or if the first lawsuit was for declaratory judgment only, which may be "indicative of a preemptive strike." *Id.* at 1007. These circumstances warrant denial of the first-filing party's choice of forum because they generally indicate bad faith dealing. *See Acordia of Minnesota, Inc. v. Hies*, No. 05-CV-2860 (JRT/RLE), 2006 WL 8443141, at *1 (D. Minn. Feb. 9, 2006) (explaining that, "in the absence of bad faith," even seemingly compelling circumstances do not "necessarily warrant setting aside the first-to-file rule").

The Court finds no such evidence of bad faith here. Philadelphia urges the Court to find compelling circumstances based on the fact that Minnesota possesses "strong ties" to the case that are superior to California's "tenuous" connection. (Doc. No. 20 at 5.) Philadelphia also argues that California lacks personal jurisdiction over one of the thirty-three lawsuits mentioned in the Complaint, while Minnesota carries general jurisdiction over Philadelphia for all underlying lawsuits. (*Id.* at 6.) Such considerations fall short of the compelling circumstances which would warrant denying the first-filed party's choice of venue. Therefore, the Court concludes that transfer is proper under the first-filed rule.[1]

---

[1] "[A] court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit, not dismiss it." *QFO Labs, Inc. v. Best Buy Stores, L.P.*, No. 17-CV-5011 (JRT/TNL), 2018 WL 3966313, at *5 (D. Minn. Aug. 17, 2018) (citing *Chavez v. Dole Food Co.*, 836 F.3d 205, 220–21 (3d Cir. 2016) (en banc) and *Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 665–66 (8th Cir. 2017)).

Finally, when the first-to-file rule applies, courts need not analyze section 1404(a). *See e.g.*, *Slidell, Inc. v. Archer Daniels Midland Co.*, No. 02-CV-4841 (MJD/JGL), 2003 WL 22050776, at *5 (D. Minn. Sept. 2, 2003) (declining to consider section 1404(a) because it had already concluded that the matter "should be transferred pursuant to the first-filed rule"); *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017) (same).[2]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Cambria Company, LLC's Motion to Stay, Dismiss, or Transfer (Doc. No. 13) is GRANTED; and

2. This case is TRANSFERRED to the United States District Court for the Central District of California. The Clerk of Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 21, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

[2] Nevertheless, the Court observes that each of the section 1404(a) factors likely favor transfer. First, the parties do not dispute that venue is proper in both districts. Second, the only Minnesota party (Cambria) prefers to litigate in California. Third, the interests of justice would strongly favor transfer because the Central District of California has retained jurisdiction over the parallel lawsuit. Denying the motion to transfer risks inefficient use of judicial resources, duplicative litigation, and conflicting judgments. *See Massachusetts Bay Ins. Co. v. G.M. Northrup Corp.*, No. 22-CV-699 (KMM/TNL), 2022 WL 2236333, at *5 (D. Minn. June 22, 2022).